IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| IN RE <br>    ALBERTSON'S INC. <br>    EMPLOYMENT PRACTICES <br>    LITIGATION.<br>_____ ) ) ) ) ) ) ) ) | Case No. CV-98-1215-S-BLW <br><br> MEMORANDUM DECISION <br> AND ORDER |

## INTRODUCTION

The Court has before it plaintiffs' motion to enforce order. The motion is fully briefed and at issue. For the reasons expressed below, the Court will deny the motion.

## ANALYSIS

In a decision filed January 4, 2006, the Court ruled that the Settlement Agreement required that claims (*i.e.*, the number of hours claimants contend they worked off-the-clock and dates of that work) must be made under oath. During the oral argument preceding this decision, plaintiffs' counsel represented that if the Court required oaths, "[w]e will ask [the Claims Administrator] to go back and say forget all these clarifications. Now just go back and value all the claims with what you have at the beginning . . . ." *Transcript of November 29, 2005 Hearing* at p.

**Memorandum Decision and Order – page 1**

42.

Accordingly, when the Court ruled that the Agreement required oaths, the Court assumed that the record was closed. That is why the Court directed the Claims Administrator to value the claims "[d]isregard[ing] all additional information . . . not submitted under oath." *See Memorandum Decision* at p. 11. The Court did not contemplate any supplementation of the record. More specifically, the Court did not contemplate that plaintiffs' counsel would submit several thousand newly-signed declarations under oath to the Claims Administrator on February 17, 2006.

Plaintiffs' motion now seeks to compel the Claims Administrator to consider those oaths. The Court will deny that motion. The submission deadline was February 7, 2005. The Court's decision of January 4, 2006, did not extend that deadline, but instead resolved a dispute over some claims pending before the Claims Administrator. The record is closed, and the Claims Administrator shall disregard any material submitted after the deadline of February 7, 2005.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to enforce

**Memorandum Decision and Order – page 2**

order of January 4, 2006 (docket no. 398) is DENIED.

DATED: **May 17, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order – page 3**