IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| | ) | |
| IN RE | ) | Case No. MS-98-1215-S-BLW |
| ALBERTSON'S INC. | ) | |
| EMPLOYMENT PRACTICES | ) | MEMORANDUM DECISION |
| LITIGATION | ) | AND ORDER |
| _____ | ) | |

## INTRODUCTION

The Court has before it a Motion for Determination that Certain Claims be

Deemed Timely Filed.  The matter is fully briefed, and the Court has determined to

resolve the motion without oral argument.

## ANALYSIS

In settlement of this litigation, the parties set up a system for Albertsons'

employees to submit claims for off-the-clock work they may have performed

without compensation.  They would submit the claims to a Claims Administer who

would determine whether the claims were timely and deserving.

To provide the broadest notice of this process, the parties agreed that the

Claims Administrator would send packets of information to potential claimants

informing them of the claims system, instructing them how to file claims, and

warning them about deadlines that must be followed.

**Memorandum Decision and Order – Page 1**

As the claims were submitted, the Claims Administrator rejected hundreds as being untimely.  Plaintiffs seek a ruling that nearly 700 claims should be deemed timely filed.  Plaintiffs have obtained Declarations of those claimants that they allege cure any failure to comply with deadlines.

The Court's resolution of this dispute is governed by (1) the Settlement Agreement signed by the parties, and (2) the claims instructions contained on the Notice of Intent sent to potential claimants by the Claims Administrator (referred to hereinafter as the Claims Instructions).  The Court must review the decision of the Claims Administrator to ensure that it complies with these documents.

The Claims Instructions advised potential claimants that they had to return certain documents within strict time limits.  Those time limits would begin running on the date the potential claimants received their documents from the Claims Administrator.  As will be discussed further below, the parties agreed to presume that a potential claimant received his packet within three (3) days from the date it was mailed by the Claims Administrator.  Accordingly, the Claims Administrator kept track of the dates the packets were mailed.

Each packet contained (1) a Notice of Intent to file a claim, and (2) the Claim Form itself.  Potential claimants were instructed to mail the Notice of Intent within 30 days of receipt, and to have the Claim itself postmarked and returned within 105

**Memorandum Decision and Order – Page 2**

days of receipt.

As the claims were returned, the Claims Administrator determined if they were timely-filed in accordance with the deadlines discussed above.  About 700 of the claims rejected for untimeliness are at issue here.  Most of these (about 470) were rejected due to late-filed Notices of Intent.  Other were rejected because the Claim Forms themselves were late-filed.

Plaintiffs have now submitted Declarations of the rejected claimants in an attempt to cure the lack of timely filing.  The Court must determine if the Claims Administrator properly rejected the claims under the Settlement Agreement and Claims Instructions.

1.   <u>**Notices of Intent to File Claim – Timeliness**</u>

The Court turns first to the Notices of Intent.  The parties assumed that the Notices of Intent were late-filed, and focused their arguments on whether the Declarations cured that defect.  The Court's analysis is somewhat different, and results in a finding that the Notices of Intent at issue here were timely filed.

The Settlement Agreement states that the Notices of Intent must be "postmarked within 30 days of [receipt]."[1]   However, the Claims Instructions

---

[1]  This provision was contained in the Notice of Final Approval of the Settlement, which was sent to potential claimants by the Claims Administrator as part of the packet that also contained the Notices of Intent to File Claims and the Claim Forms.

**Memorandum Decision and Order – Page 3**

(contained on the Notice of Intent) sent to potential claimants simply required claimants to "mail this Notice . . . within 30 days of [receipt]." *See Exhibit 2 to Declaration of Alison Marshall.*

These two provisions are in direct conflict.  While the Settlement Agreement requires the claimant to get a timely postmark, the Instructions merely require a timely mailing.  The latter requirement is obviously much looser – a claimant who places his Notice in a post office box just before midnight on a Friday has "mailed" the Notice as of Friday even though the Notice will not be postmarked until the following Monday.  So it makes a difference whether the postmark or the mailing stops the running of the 30-day period.

The resolution of this conflict is simple: The Claim Instructions must govern because they were contained on the Notice of Intent itself, the most likely document that potential claimants would examine to determine the deadlines.  The "postmark" language was also contained in the packet, as part of the Notice of Final Approval of Settlement, but it was buried in fine print that was much less likely to be seen by potential claimants.  For these reasons, the Court finds that a Notice of Intent need only be mailed – and not necessarily postmarked – within 30 days of receipt.

The Claims Administrator used the postmark date, however, to stop the clock on the time limit.  *See Albertsons' Response Brief* at p. 4 (representing that the

**Memorandum Decision and Order – Page 4**

Claims Administrator "deemed untimely any claim where the [Notice] was postmarked more than 33 days after the mailing date of the Notice . . . ."). The Claims Administrator used the wrong standard – it is the mailing, not the postmark, that stops the ticking clock.

Of course, it is impossible for the Claims Administrator to determine when the Notice was "mailed" without looking at outside evidence like the Declarations filed here. Many of those Declarations state that the declarant mailed the Notice within 30 days of receipt. That is sufficient to render the Notice timely under the Court's reading of the Settlement Agreement and Instructions.

Accordingly, the Court finds that a Notice of Intent is timely if a Declaration of the sender states that he or she mailed the Notice within 30 days of receipt.

## 2.    <u>Claim Forms – Timeliness</u>

The parties were more consistent in setting deadlines for the submission of Claim Forms. Both the Settlement Agreement and the Instructions require that the Claim Forms be postmarked within 105 days of receipt of the Notice. Thus, it is not enough that the Claim Forms were mailed within 105 days – they must be postmarked within that time frame.

Once again, it is receipt of the Notice that triggers the deadline – this time, receipt of the Notice starts the clock running on the 105-day period. And once

**Memorandum Decision and Order – Page 5**

again, receipt is presumed to occur three (3) days after the Claims Administer mailed out the Notices.

The Claims Administrator "deemed untimely any claim where the . . . Claim Form was postmarked more than 108 days after mailing of the Notice." *See Albertsons' Brief* at p. 4.  This time, the Claims Administrator used the correct standard, at least as to a threshold timeliness determination.

The Settlement Agreement provided for a second level of analysis for these untimely claims – they could be considered if the claimant "established that receipt in fact took longer than three days . . . ."  On its face, this language requires proof of the date of receipt – that interpretation is compelled by the words "in fact."

Recognizing this during drafting negotiations, plaintiffs' counsel proposed that Albertsons' send the Notices by certified mail.  *See Plaintiffs' Brief* at p. 12. Albertsons' objected and the proposal was dropped in negotiations.  No alternative was set up in the final plan agreed upon by all parties.

It is therefore understandable that claimants did not keep any proof of the date they received the Notice.  Thus, claimants who filed their Claim Forms late are relegated to filing Declarations stating that they  "[made] sure that the Claim Form was postmarked no later than 105 days from receiving the [Notice]."  However, such a generic declaration is inadequate to "establish[] that receipt in fact took

longer than three days . . . ."   Under this language from the Settlement Agreement, a claimant can only avoid the presumption of receipt within three days of mailing by presenting concrete "facts" establishing that the notice was received more than three days from mailing.  At a minimum this would require a showing, by affidavit, of the actual date on which the notice was received.

Because no proof of the date of actual receipt accompanies these Declarations, Albertsons' has no way to challenge them.  The whole purpose of the provision quoted above was to require such proof so that Albertsons' would not have to blindly accept an assertion of timeliness.

The Court therefore finds that the Declarations are insufficient to cure the untimely filing of the Claim Forms.[2]

**3.** **Conclusion**

In conclusion, the Court finds (1) that a Notice of Intent is timely if a Declaration of the sender states that he or she mailed the Notice within 30 days of receipt, and (2) the late filing of a Claim Form cannot be cured with a Declaration that the sender made sure he or she postmarked the claim within 105 days of

---

[2]  This analysis applies to the Declarations claiming that the Notices were sent to incorrect addresses.  Those Notices were not returned as undeliverable, but the Declarations imply that there was some delay in delivery due to the incorrect address.  Again, however, there is no proof of the date of receipt, and thus these Declarations are likewise insufficient.  That same analysis applies to those who believed that both documents were due 105 days after receipt.  There is no exception for mistakes, however reasonable.

**Memorandum Decision and Order – Page 7**

receipt.

The Court has neither the means nor the time to go through each of the 700 claims at issue and determine the effect of these rulings.  The parties should be able to make this determination in short order.

By way of guidance, however, the Court offers the following.  In those cases where claims were rejected solely due to an untimely Notice of Intent, and that rejection has been overturned by this decision, the claim shall be deemed timely. Where the claim was rejected due to the untimeliness of both the Notice of Intent and the Claim Form, that decision will stand even if the Notice of Intent is deemed timely because the Settlement Agreement clearly requires both to be timely.

Finally, on a more general note, the Court would advise counsel that this case needs to be resolved and closed.  The Court is concerned that there seems to be no end in sight, and that the Court will be called on again and again to resolve settlement issues.  The Court is seriously considering various alternatives such as setting up an arbitration system to handle settlement disputes and closing out this case and the Court's involvement in the claims process.  The Court will welcome the input of counsel on these issues at the Status Conference on September 8, 2006.

**Memorandum Decision and Order – Page 8**

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for determination that certain claims be deemed timely filed (Docket No. 423) is GRANTED IN PART AND DENIED IN PART in accordance with the rulings above.

IT IS FURTHER ORDERED, that counsel should be prepared to address the issues, discussed above, concerning the Court's continued involvement in the claims process at the in person Status Conference set for September 8, 2006 at 1:00 p.m. at the James A. McClure Federal Building and U.S. Courthouse in Boise, Idaho.

DATED:  **August 30, 2006**



B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order – Page 9**